# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

CONWAY OIL COMPANY,
a New Mexico corporation;
JAMES J. CONWAY, JR.,

    Plaintiffs/Counter-Defendants,

v.

CIRCLE K STORES, INC.,
a Texas corporation;
ALIMENTATION COUCHE-TARD,
INC., a Canadian corporation;
BRIAN P. HANNASCH,

    Defendants/Counter-Claimants.

No. 09-CV-1019-BRB/WPL

## ORDER DISMISSING DEFENDANT BRIAN P. HANNASCH'S COUNTERCLAIM FOR MALICIOUS ABUSE OF PROCESS

**BALDOCK**, Circuit Judge.[*]

    This matter is before the Court on Plaintiffs Conway Oil Company and James J. Conway, Jr.'s (collectively Conway Oil) motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Brian Hannasch's Counterclaim for Malicious Abuse of Process. The Supreme Court recently enunciated the standard under which this Court assesses a Rule 12(b)(6) motion to dismiss for failure to state a claim:

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). For reasons to follow, Hannasch's counterclaim falls woefully short of that mark.

### I.

According to the complaint, which alleges diversity jurisdiction and sounds in both contract and tort, Conway Oil sold to Defendant Circle K Stores a portion of its gasoline retail marketing business operated from sixteen convenience stores in New Mexico. The part of the sales agreement governing the purchase price allegedly contains a "Contingent Amount" provision requiring Circle K to pay Conway Oil additional amounts "for each period where the buyer's fuel gross profit (as defined in the Agreement and in the negotiations between the parties) exceeds $3,250,000, up to an aggregate limit of $1,900,000." The complaint avers Circle K breached this provision of the sales agreement in violation of New Mexico law and, as a result, Circle K and its guarantor, Defendant Alimentation Couche-Tard, owe Conway Oil, among other amounts, a contingent payment of $1,900,000, less $450,000 that Circle K advanced at closing in exchange for a conditional note.

Relevant to the present matter, the complaint further alleges fraudulent misrepresentation against Defendant Brian Hannasch. Hannasch serves as senior

vice president of both Circle K and Couche-Tard. The relevant allegations of the complaint state as follows:

> 21. During the negotiations leading to the execution of the Agreement, Plaintiff Conway Oil informed Defendant Circle K, and one of its principal negotiators, Defendant Hannasch, that Conway Oil did not deduct . . . transportation costs in calculating fuel gross profit.
>
> 22. . . . . Hannasch negotiated the Agreement with Conway Oil on behalf of Circle K and Couche-Tard, and signed the final Agreement on behalf of Circle K and Couche-Tard.
>
> 23. Defendants informed Plaintiffs that Circle K also calculated fuel gross profit in the same manner as calculated by Conway Oil – including the exclusion of the cost of transportation.
>
> 24. However, after the Agreement was signed, and without notice to Plaintiff Conway Oil, Circle K proceeded to calculate fuel gross profit by including transportation, resulting in a lower fuel gross profit.

The complaint asserts that Circle K, Couche-Tard, and Hannasch are jointly and severally liable to Conway Oil for resulting damages.

Hannasch responded by denying the allegations of the complaint (as did Circle K and Couche-Tard) and filing a counterclaim against Conway Oil for malicious abuse of process under New Mexico law. According to the counterclaim, Hannasch, in a representative capacity, had a single meeting with Conway Oil prior to signing the sales agreement "to discuss the use of an earn out process to provide for the adjustment of the purchase price based on the performance of the convenience stores after the closing of the transaction with Circle K Stores." The counterclaim then summarily concludes:

  10. Conway Oil and Conway's lawsuit against Brian P. Hannasch individually is without probable cause.

  11. Conway Oil and Conway have no basis to believe their claims against Brian P. Hannasch individually have any merit.

  12. The lawsuit by Conway Oil and Conway against Brian P. Hannasch individually was not filed for a proper purpose.

  13. The actions of Conway Oil and Conway were knowing, willful, intentional, reckless, and in bad faith, entitling Brian P. Hannasch to an award of punitive damages.

II.

In 1997, the New Mexico Supreme Court merged the torts of abuse of process and malicious prosecution to create the tort of malicious abuse of process. DeVaney v. Thriftway Marketing Corp., 953 P.2d 277 (N.M. 1997), overruled in part on other grounds by Fleetwood Retail Corp. v. Ledoux, 164 P.3d 31, 35-36 (N.M. 2007) and Durham v. Guest, 204 P.3d 19 (N.M. 2009). A defendant may but is not compelled to assert a malicious abuse of process claim as a counterclaim in an underlying proceeding.[1] Fleetwood Retail, 164 P.3d at 35-36. But if a defendant does so, he is bound by a clear and convincing standard of proof rather than by a preponderance of the evidence standard, consistent with the notion that the tort of malicious abuse of process must be construed narrowly to protect the right to court access. Id.

---

[1] Hannasch's argument, contained on page seven of his response brief, that his counterclaim is compulsory, has no basis in New Mexico law. The Court is unimpressed with such folly and admonishes defense counsel that such frivolity may be dealt with more harshly in the future.

> The elements of the tort of malicious abuse of process are as follows:
>
> (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. An improper use of process may be shown by [(a)] filing a complaint without probable cause, or [(b)] an irregularity or impropriety suggesting extortion, delay, or harassment, or other conduct formerly actionable under the tort of abuse of process.

Durham, 204 P.3d at 26 (quotations and brackets omitted). Probable cause in this context means "a reasonable belief, founded on known facts established after a reasonable pre-filing investigation, that a claim can be established to the satisfaction of a court or jury. The lack of probable cause must be manifest." Fleetwood Retail, 164 P.3d at 35 (quotations omitted). "The lack of probable cause is not a claim-by-claim inquiry, but, rather, is determined as to the lawsuit in its entirety, and any recovery by the original plaintiff will be an absolute defense to a malicious abuse of process claim founded on lack of probable cause." Id. at 37. Meanwhile, "a use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt." Durham, 204 P.3d at 26.

### III.

Mindful of the foregoing law, the Court begins its analysis of Hannasch's counterclaim by observing that the sum total of its factual allegations in support of its claimed entitlement to relief is one – that Hannasch only had one meeting with

5

Conway Oil and that was to discuss something other than the "Contingent Amount" provision at issue.[2]  Hannasch then adds three conclusory allegations presumably designed to address the three elements of his cause of action.  First, Hannasch alleges Conway Oil's claims against him are "without probable cause" because Conway Oil has "no basis to believe" its claims against him "have any merit."  Second, Hannasch alleges the claims against him were "not filed for a proper purpose."  Third, Hannasch alleges Conway Oil has acted intentionally, recklessly, and in bad faith such that he is entitled to damages.  Apparently Hannasch believes that from these sparse allegations alone, the Court can plausibly conclude Conway Oil could not have possessed a reasonable belief, founded on known facts established after a reasonable pre-filing investigation, that its claims against Hannasch could be established.  See Fleetwood Retail, 164 P.3d at 35.  Hannasch is mistaken.

---

[2] The Court summarily rejects Hannasch's wayward argument, readily anticipated by a like theme running throughout his counterclaim, that because Conway Oil knew he acted only in a representative capacity, he is not answerable individually in tort for his alleged misconduct. Citing the Tenth Circuit's decision in Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406 (10th Cir. 1958) (applying New Mexico law), the New Mexico Court of Appeals has explained that if an officer "directs or actively participates in the commission of a tortious act of the corporation, he will be liable, along with the corporation. . . . Thus, if the officer . . . directed, controlled, approved or ratified the activity that led to the injury, he . . . can be held personally liable." Stinson v. Berry, 943 P.2d 129, 133-34 (N.M. App. 1997).  While some question may exist as to whether Hannasch can be held liable for negligent misrepresentation, intentional misconduct such as the fraudulent misrepresentation alleged in the complaint, if proven, undoubtedly exposes Hannasch to personal liability.  See Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 855 (N.M. 1994) ("We are mindful that officers . . .of corporations can be held personally liable when they commit intentional torts.").

To be sure, Fed. R. Civ. P. 8(a)(2)'s pleading standard of a "short and plain statement of the claim showing that the pleader is entitled to relief" does not require detailed factual allegations. But "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotations, and brackets omitted). At this point, Hannasch has alleged nothing factual to suggest Conway Oil's misuse of process beyond his blanket denial of substantial individual involvement in the commercial sale. And the fact that Conway Oil has initiated a lawsuit against him is alone insufficient to sustain Hannasch's counterclaim. See Weststar Mtg. Corp. v. Jackson, 61 P.3d 823, 831 (N.M. 2002) ("Under this new tort, there must be a misuse of process by the defendant beyond the mere initiation of proceedings against the plaintiff." (quotations omitted)). Hannasch's counterclaim against Conway Oil for malicious abuse of process is at best premature, and at worst unsustainable.[3]

---

[3] All counsel are admonished that by presenting a pleading to the Court, an attorney represents that it is not being presented for an improper purpose and has at least an arguable basis in both fact and law. Fed. R. Civ. P. 11. Failure to abide by the standards set forth in Rule 11 constitutes sanctionable conduct. Counsel should read Rule 11 carefully and heed its dictates.

Accordingly, Conway Oil's motion (Docket. # 18) to dismiss Hannasch's counterclaim for malicious abuse of process is GRANTED.

        Entered for the Court
        this 14th day of May, 2010


        Bobby R. Baldock
        United States Circuit Judge
        Sitting by Designation